In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00484-CV
_____

**IN RE COMMITMENT OF GARY LEE CARDENAS**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-12-13067 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Gary Lee Cardenas as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Cardenas is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In four appellate issues, Cardenas challenges: (1) the denial of his request to have an attorney present during the State's post-petition expert examination; (2) the admission of certain evidence; and (3) the legal and factual sufficiency of the evidence to support the jury's verdict. We affirm the trial court's judgment and order of civil commitment.

1

Sufficiency of the Evidence

In issues three and four, Cardenas contends that the evidence is legally and factually insufficient to support a finding that he is a sexually violent predator. Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a) (West

2

Supp. 2013). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.— Beaumont 2003, pet. denied).

During trial, the jury heard Cardenas's admissions to previous convictions for sexual assault and attempted sexual assault, as well as numerous prison disciplinary cases, including three cases for sexual misconduct. The jury also heard evidence regarding Cardenas's criminal history, including his sexual offenses and prison disciplinary cases. Cardenas testified that he is now more mature and has more knowledge and education to apply in the future. He testified that he has completed substance abuse treatment and is participating in sex offender treatment. Cardenas admitted that he is a recovering drug addict and a sex offender, but he gave inconsistent opinions as to whether he needs sex offender treatment. He explained that he does not want to waste his opportunity in the free world.

3

Dr. Stephen Thorne, a psychologist, and Dr. Sheri Gaines, a medical doctor specializing in psychiatry, both concluded that Cardenas suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Thorne and Gaines diagnosed Cardenas with antisocial personality disorder, which Thorne explained is a condition that has affected Cardenas's emotional and volitional capacity. Gaines also diagnosed Cardenas with paraphilia not otherwise specified and polysubstance dependence in remission in a controlled environment. Thorne performed the Hare Psychopathy Checklist on which Cardenas scored a twenty-six, meaning that he has more psychopathic traits than the average person. Thorne testified that Cardenas scored a five on the Static-99R, which places Cardenas in the moderate to high range of sexual re-offense. Thorne and Gaines identified the following factors that increase Cardenas's risk of reoffending: sexual deviancy, extra-familial victim, stranger victim, sexual misconduct while incarcerated, use of force, substance abuse, offenses in a public setting, antisocial behavior, criminal offenses and behavior, offenses while under supervision, persistence after punishment, failure to successfully complete sex offender treatment, relationship history, victim blame, unstable lifestyle, and poor institutional adjustment.

Dr. Marisa Mauro, a psychologist, testified for the defense. It was her opinion that Cardenas does not have a behavioral abnormality. Mauro diagnosed Cardenas with antisocial personality disorder and cannabis use disorder. She conducted the Hare Psychopathy Checklist, on which Cardenas scored twenty-seven, placing him in the range of "mixed psychopathic features." Mauro performed the Static-99R actuarial test on which Cardenas scored a five, a moderate to high risk of re-offense. She testified that Cardenas scored a six on the Static-2002R, *i.e.*, the moderate range of re-offense. She identified the following risk factors: substance abuse, antisocial personality disorder, and factors encompassed by the actuarial tests. Mauro also identified protective factors: no male victims, no child victims, successful relationships, age, gang renouncement, sobriety, and participation in sex offender treatment. She admitted that a personality disorder is a congenital or acquired condition that can affect a person's emotional or volitional capacity and Cardenas's antisocial personality disorder could have played a role in his sexual offending. However, Mauro did not believe that Cardenas has serious difficulty controlling his behavior or has a condition that affects his emotional or volitional capacity.

On appeal, Cardenas contends that Thorne and Gaines relied on incorrect legal standards. Thorne testified that sexual deviancy and antisocial behavior, such

as rule violations, criminal activity, and inability to control behavior, are primary considerations and that Cardenas's criminal and disciplinary history shows that his volitional capacity has been affected. Gaines testified that it is significant when a person is receiving sex offender treatment and is under supervision, yet reoffends, as this shows a lack of emotional or volitional control. Cardenas contends that this testimony improperly suggests that all repeat sex offenders have serious inability controlling their behavior.

Whether a person suffers from an emotional or volitional defect so grave as to cause behavior that makes him a menace is included in the determination of whether he has serious difficulty in controlling behavior. *Almaguer*, 117 S.W.3d at 505-06. The jury could infer serious difficulty controlling behavior not only from the expert testimony, but also from Cardenas's past behavior and testimony. *See In re Commitment of Burnett,* No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). Accordingly, we cannot say that the evidence is insufficient as a result of the experts' testimony regarding volitional capacity.

Additionally, Cardenas complains of the experts' definitions of the word "likely." Thorne defined "likely" to mean "[p]robable." Gaines defined "likely" as "inclined to, tending to, likely to." The term "likely" does not have a "precise definition of the type associated with any certain assigned percentage of risk." *In re Commitment of Kalati*, 370 S.W.3d 435, 439 (Tex. App.—Beaumont 2012, pet. denied). An expert's testimony is not insufficient merely because the term "likely" is not defined by the statute or case law. *In re Commitment of Kirsch*, No. 09-08-00004-CV, 2009 Tex. App. LEXIS 5436, at *17 (Tex. App.—Beaumont July 16, 2009, pet. denied) (mem. op.). Nor does an expert's explanation of the term "likely," alone, render the evidence insufficient to support the jury's finding that a person suffers from a behavioral abnormality. *Id.* at *19. Thorne's and Gaines's definitions of "likely" merely go to the weight that the jury might give their testimony. *See id.*

As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Cardenas suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681, at **6-7 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.); *see also Mullens*, 92 S.W.3d at 887; *Almaguer*, 117 S.W.3d at 505-506; *Burnett*, 2009 Tex.

7

App. LEXIS 9930, at *13; *Grinstead*, 2009 Tex. App. LEXIS 228, at *16. That Cardenas has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization are implicit in this finding. *See In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.); *see also Grinstead*, 2009 Tex. App. LEXIS 228, at *16. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Cardenas is a sexually violent predator; thus, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues three and four.

## Right to Counsel

In issue one, Cardenas complains of the denial of his request to have an attorney present at the pre-trial expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during a psychiatrist's post-petition examination. *See In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied). Cardenas argues that

8

*Smith* was based solely on a concession by Smith that the SVP statute defines a civil commitment proceeding as a "trial or hearing" and does not appear to encompass a pre-trial psychiatric examination. *See id*. at 806. In *Smith*, we merely noted that Smith made this concession and we did not base our holding on that concession alone. *Id*. at 804-07. Additionally, we have upheld our ruling in other cases. *See In re Commitment of Speed*, No. 09-13-00488-CV, 2014 Tex. App. LEXIS 4444, at *2 (Tex. App.—Beaumont Apr. 24, 2014, pet. filed) (mem. op.); *see also In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 Tex. App. LEXIS 3888, at **1-2 (Tex. App.—Beaumont Apr. 10, 2014, no pet. h.) (mem. op.). We decline to revisit our ruling in *Smith* and, for the reasons discussed in *Smith*, we overrule Cardenas's first issue.

## Admission of Evidence

In issue two, Cardenas challenges the admission of evidence regarding the details of his sexually violent offenses. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

"[A]n expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which he bases his opinion." *In re Commitment of Jackson*, No. 09-12-00291-CV, 2013 Tex. App. LEXIS 13507, at *9 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op); *see Day*, 342 S.W.3d at 197-98. The trial court "shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial." Tex. R. Evid. 705(d). "If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request." *Id*. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.

Cardenas did not object to the trial court's limiting instructions given during trial, request a different or additional instruction, or object to the limiting instruction contained in the jury charge. We presume the jury followed the trial court's limiting instructions. *See Day*, 342 S.W.3d at 199. Additionally, Cardenas himself testified to the details of his sexual offenses. The trial court could reasonably conclude that the facts and details related to Cardenas's underlying offenses would be helpful to the jury to explain how Thorne and Gaines formed their opinions that Cardenas suffers from a behavioral abnormality. Given the

purpose for admitting this evidence, its cumulative nature, and the trial court's limiting instructions, the trial court's conclusion that the evidence was not unfairly prejudicial was reasonable. *See Jackson*, 2013 Tex. App. LEXIS 13507, at \*10; *see also In re Commitment of King,* No. 09-13-00255-CV, 2014 Tex. App. LEXIS 724, at \*\*7-8; (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.); *Day*, 342 S.W.3d at 199. The admission of Thorne's and Gaines's testimony was not an abuse of discretion and did not cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue two and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 22, 2014
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

11